# EXHIBIT A

Christopher K. Monelt, Esq. Bar No. 224478
Mia D. Mogavero, Esq. Bar No. 362078
THE SOUTHERN CALIFORNIA INJURY LAW GROUP
Socalinjurylawgroup@gmail.com
2667 Camino Del Rio South, Suite 314
San Diego, California 92108
Telephone: 858-344-1924

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

1/26/2026 6:33:25 PM

Clerk of the Superior Court
By D. Saenz ,Deputy Clerk

Attorneys for Plaintiffs, Mahan Shadafza and Malihe Haddad Ghanbari

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| Mahan Shadafza and Malihe Haddad Ghanbari,<br><br>Plaintiffs,<br>vs.<br><br>Amazon.com, LLC; a corporation; Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.  26CU004185C<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES<br><br>1. Strict Products Liability – Manufacturing Defect<br>2. Strict Products Liability – Design Defect<br>3. Strict Products Liability – Failure to Warn<br>4. Negligence<br>5. Breach of Implied Warranty of Merchantability<br>6. Breach of Implied Warranty of Fitness<br>7. Song-Beverly Act<br>8. Consumers Legal Remedies Act<br>9. Unfair Competition Law<br><br>UNLIMITED<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Mahan Shadafza and Malihe Haddad Ghanbari, by and through their attorneys of record herein, brings this Complaint against the above-mentioned Defendant, Amazon.com, LLC; and Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump and in support thereof alleges the following.

1

COMPLAINT

# I.

## INTRODUCTION

4. Plaintiff Mahan Shadafza ("Shadafza") is, and at all relevant times was, an individual residing in the State of California. Shadafza purchased and used the consumer water filtration product that is the subject of this action and suffered serious personal injuries as a direct and proximate result of Defendants' acts and omissions as alleged herein.

5. Plaintiff Malihe Haddad Ghanbari ("Ghanbari") is, and at all relevant times was, an individual residing in the State of California. Ghanbari is a foreseeable user and consumer of the subject water filtration product and suffered serious personal injuries as a direct and proximate result of Defendants' acts and omissions as alleged herein.

6. Defendant Amazon.com, LLC ("Amazon") is, and at all relevant times was, a business entity authorized to and doing business in the State of California. Amazon was engaged in the business of marketing, selling, distributing, and/or otherwise placing consumer products into the stream of commerce, including the water filtration product that is the subject of this action.

7. Defendant Guangzhou Lanshan Water Purification Equipment Co., Ltd., also known and doing business as Lanshan Motor Booster Pump ("Lanshan"), is, and at all relevant times was, a business entity engaged in the design, manufacture, assembly, testing, labeling, marketing, and distribution of water filtration systems intended for household drinking water use, including the product at issue in this action. Lanshan placed the subject product into the stream of commerce with the expectation that it would be purchased and used by consumers in the State of California.

8. Plaintiffs are informed and believe, and thereon allege, that each Defendant named herein was at all relevant times the agent, servant, employee, partner, joint venturer, alter ego, and/or co-conspirator of each of the remaining Defendants, and that each Defendant acted within the course and scope of such relationship in committing the acts and omissions alleged herein.

2

COMPLAINT

9. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the Doe Defendants is in some manner responsible for the events and injuries alleged herein and that Plaintiffs' damages were proximately caused by the acts and omissions of said Defendants. Plaintiffs will amend this Complaint to allege the true names and capacities of such Defendants when ascertained.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution and California Code of Civil Procedure sections 410.10 and 395, because the amount in controversy exceeds the jurisdictional minimum of this Court and because this is a civil action seeking damages for personal injury, statutory violations, and related relief.

11. This Court has personal jurisdiction over Defendant Amazon.com, LLC because Amazon is authorized to do business in the State of California, conducts substantial and continuous business within California, and purposefully availed itself of the privilege of conducting business in California by marketing, selling, distributing, and fulfilling the subject product to California consumers, including Plaintiffs.

12. This Court has personal jurisdiction over Defendant Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump, because Lanshan designed, manufactured, marketed, and placed the subject water filtration product into the stream of commerce with the expectation and intent that it would be sold, distributed, and used by consumers in California, including Plaintiffs, and because Plaintiffs' injuries arose directly out of Lanshan's contacts with this State.

13. Venue is proper in this Court pursuant to California Code of Civil Procedure sections 395(a) and 395.5 because Plaintiffs reside in this County, Defendants conduct business in this County, the subject product was purchased and used in this County, and the injuries and damages complained of herein were suffered in this County.

COMPLAINT

14. Venue is further proper because Defendants' wrongful acts and omissions occurred, at least in part, within this County, and because Defendants sold, distributed, and placed the defective product into the stream of commerce within this County.

## II.

### STATEMENT OF FACTS

15. On or about May 4, 2025, Plaintiffs Mahan Shadafza and Malihe Haddad Ghanbari purchased a household water filtration system manufactured by Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump, through the online retail platform operated by Defendant Amazon.com, LLC. The product was marketed and sold as a safe and effective water filtration system intended for household drinking water consumption.

16. Consistent with the product's intended use and manufacturer recommendations, the water filtration system was professionally installed in Plaintiffs' residence and used exclusively to provide drinking water for the household. Plaintiffs used the product in a reasonably foreseeable and ordinary manner and did not alter, misuse, or tamper with the system in any way.

17. Shortly after the installation and use of the subject filtration system, both Plaintiffs began experiencing acute and rapidly worsening physical symptoms. The onset of illness occurred within the same general time period for both Plaintiffs and followed their consumption of water processed through the filtration system.

18. Plaintiff Malihe Haddad Ghanbari sought medical treatment at American Family Care, where she was evaluated and diagnosed with acute cystitis with hematuria, a painful urinary tract infection involving blood in the urine. Around the same time, Plaintiff Mahan Shadafza separately sought medical treatment and was diagnosed with acute prostatitis, a serious bacterial infection of the prostate that caused significant pain, urinary dysfunction, and systemic symptoms. Plaintiff Shadafza was prescribed antibiotics and referred for further urological evaluation, diagnostic testing, and follow-up care.

19. As a result of their illnesses, Plaintiffs were required to seek urgent medical care, undergo diagnostic testing and laboratory analysis, take prescription medication, attend follow-up appointments, and miss time from work. Both Plaintiffs experienced significant pain, discomfort, emotional distress, and disruption to their daily lives.

20. There were no other environmental, dietary, or medical factors that reasonably explain the simultaneous onset of related urinary infections in both Plaintiffs. The only common exposure shared by Plaintiffs during the relevant time period was their consumption of water filtered through the subject product. Plaintiffs are informed and believe, and thereon allege, that the water filtration system was contaminated, improperly manufactured, defectively designed, insufficiently tested, and/or sold without adequate warnings or instructions, rendering it unsafe for its intended purpose.

21. At all relevant times, Defendants designed, manufactured, marketed, distributed, sold, and placed the subject product into the stream of commerce with the expectation that it would be purchased and used by consumers such as Plaintiffs. The defective condition of the product existed at the time it left Defendants' control and was a substantial factor in causing Plaintiffs' injuries and damages.

### III. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Strict Products Liability – Manufacturing Defect

### (Against All Defendants)

22. Plaintiffs Mahan Shadafza and Malihe Haddad Ghanbari reallege and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

23. At all relevant times, Defendants Amazon.com, LLC, Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump, and DOES 1 through 25 were engaged in the business of designing, manufacturing, assembling, testing, labeling, marketing,

5

COMPLAINT

distributing, and selling the water filtration system that is the subject of this action and placed said product into the stream of commerce.

24. The subject water filtration system contained a manufacturing defect in that it deviated from its intended design and specifications and from other units of the same product line when it left Defendants' possession and control. Specifically, the product was contaminated, improperly sterilized, defectively assembled, or otherwise manufactured in a manner that rendered it unsafe for its intended and foreseeable use as a household drinking water filtration system.

25. Plaintiffs used the subject product in a reasonably foreseeable manner and strictly in accordance with its intended purpose. The product was professionally installed as recommended and used exclusively to filter drinking water for household consumption. Plaintiffs did not misuse, alter, or tamper with the product in any way.

26. As a direct and proximate result of the manufacturing defect, Plaintiffs were exposed to contaminated water and suffered serious physical injuries, including acute urological infections, as well as pain, suffering, emotional distress, economic losses, and other damages. The defective condition of the product was a substantial factor in causing Plaintiffs' injuries and damages.

27. The product's defective condition existed at the time it left the possession and control of Defendants and was present when the product was sold and distributed to Plaintiffs. Defendants are therefore strictly liable for all injuries and damages caused by the manufacturing defect in the subject product, regardless of fault or negligence.

28. As a result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be proven at trial, including medical expenses, lost income, pain and suffering, emotional distress, and other compensable losses, for which Defendants are strictly liable under California law.

6

COMPLAINT

**SECOND CAUSE OF ACTION**

**Strict Products Liability – Design Defect**

**(Against All Defendants)**

29. Plaintiffs Mahan Shadafza and Malihe Haddad Ghanbari reallege and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

30. At all relevant times, Defendants Amazon.com, LLC, Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump, and DOES 1 through 25 designed, manufactured, assembled, tested, marketed, distributed, and sold the water filtration system that is the subject of this action and placed said product into the stream of commerce.

31. The subject water filtration system was defectively designed in that it failed to perform as safely as an ordinary consumer would expect when used in an intended and reasonably foreseeable manner. Ordinary consumers reasonably expect that a household water filtration system will remove contaminants and render drinking water safer for consumption, not introduce harmful bacteria or other contaminants that cause illness.

32. Alternatively, the subject product was defectively designed because the risks of its design outweighed its benefits. The design of the filtration system created an unreasonable risk of contamination and bacterial exposure during normal use, and such risks could have been reduced or avoided through the adoption of reasonable alternative designs, including but not limited to improved sterilization methods, safer materials, enhanced filtration media, or additional safety mechanisms, without impairing the product's utility or making it economically infeasible.

33. Plaintiffs used the product in a reasonably foreseeable manner and strictly in accordance with its intended purpose. The product was professionally installed and used solely to provide drinking water for household consumption. Plaintiffs did not misuse, alter, or modify the product in any way.

7

34. As a direct and proximate result of the product's defective design, Plaintiffs were exposed to contaminated drinking water and suffered serious physical injuries, including acute urological infections, as well as pain, suffering, emotional distress, economic losses, and other damages. The defective design of the product was a substantial factor in causing Plaintiffs' injuries and damages.

35. The defective design existed at the time the product left Defendants' possession and control and was present when the product was sold and distributed to Plaintiffs. Defendants are therefore strictly liable for all injuries and damages caused by the defective design of the subject product under California law.

36. As a result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be proven at trial, including medical expenses, lost income, pain and suffering, emotional distress, and other compensable losses.

**THIRD CAUSE OF ACTION**

**Strict Products Liability – Failure to Warn**

**(Against All Defendants)**

37. Plaintiffs Mahan Shadafza and Malihe Haddad Ghanbari reallege and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

38. At all relevant times, Defendants Amazon.com, LLC, Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump, and DOES 1 through 25 designed, manufactured, tested, labeled, marketed, distributed, and sold the water filtration system that is the subject of this action and placed said product into the stream of commerce.

39. The subject water filtration system presented risks of harm that were known or reasonably knowable to Defendants at the time of manufacture, distribution, and sale, including the risk of bacterial contamination, improper sterilization, and exposure to harmful microorganisms during ordinary and intended use. These risks were not obvious to ordinary consumers and could not have been reasonably discovered by Plaintiffs through the exercise of ordinary care.

8

40. Defendants failed to provide adequate warnings, instructions, or disclosures regarding the risks associated with the use of the subject product, including but not limited to warnings regarding contamination risks, required pre-use flushing or sterilization procedures, limitations of the filtration system, or the potential for serious health consequences if the product was defective or contaminated.

41. Plaintiffs used the subject product in a reasonably foreseeable manner and strictly in accordance with its intended purpose. The product was professionally installed as recommended and used to provide household drinking water. Plaintiffs did not misuse, alter, or modify the product.

42. Had Defendants provided adequate warnings or instructions, Plaintiffs would not have used the product in the manner they did, would have taken additional precautions, or would have avoided use altogether. Defendants' failure to warn was therefore a substantial factor in causing Plaintiffs' injuries.

43. As a direct and proximate result of Defendants' failure to warn, Plaintiffs were exposed to contaminated drinking water and suffered serious physical injuries, including acute urological infections, as well as pain, suffering, emotional distress, economic losses, and other damages. Defendants are strictly liable for all injuries and damages caused by their failure to warn.

44. As a result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be proven at trial, including medical expenses, lost income, pain and suffering, emotional distress, and other compensable losses.

**FOURTH CAUSE OF ACTION**

**Negligence**

**(Against All Defendants)**

45. Plaintiffs Mahan Shadafza and Malihe Haddad Ghanbari reallege and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

9

46. At all relevant times, Defendants Amazon.com, LLC, Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump, and DOES 1 through 25 owed a duty to Plaintiffs and other foreseeable consumers to exercise reasonable care in the design, manufacture, testing, inspection, labeling, marketing, distribution, and sale of the subject water filtration system so as to ensure that it was reasonably safe for its intended use as a household drinking water product.

47. Defendants breached their duties of care by, among other things, designing, manufacturing, assembling, testing, distributing, and selling a water filtration system that was contaminated, improperly sterilized, defectively designed, insufficiently tested, and/or otherwise unsafe for its intended purpose; by failing to implement adequate quality-control and safety procedures; by failing to identify and correct defects prior to distribution; and by failing to provide adequate warnings or instructions regarding the risks associated with the product's use.

48. Plaintiffs used the subject product in a reasonably foreseeable manner and strictly in accordance with its intended purpose. The product was professionally installed as recommended and used solely to filter household drinking water. Plaintiffs did not misuse, alter, or modify the product.

49. As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiffs were exposed to contaminated drinking water and suffered serious physical injuries, including acute urological infections, as well as pain, suffering, emotional distress, economic losses, and other damages. Defendants' negligence was a substantial factor in causing Plaintiffs' injuries and damages.

50. As a result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be proven at trial, including medical expenses, lost income, pain and suffering, emotional distress, and other compensable losses, for which Defendants are liable under California law.

10

COMPLAINT

**FIFTH CAUSE OF ACTION**

**Breach of Implied Warranty of Merchantability**

**(Against All Defendants)**

51. Plaintiffs Mahan Shadafza and Malihe Haddad Ghanbari reallege and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

52. At all relevant times, Defendants Amazon.com, LLC, Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump, and DOES 1 through 25 were merchants within the meaning of California Commercial Code section 2104 and were engaged in the business of manufacturing, distributing, marketing, and selling consumer goods, including the water filtration system that is the subject of this action.

53. At the time the subject product was sold and distributed to Plaintiffs, Defendants impliedly warranted that the water filtration system was of merchantable quality and fit for the ordinary purposes for which such goods are used, including the safe filtration of household drinking water for human consumption.

54. The subject water filtration system was not merchantable at the time of sale because it was contaminated, improperly sterilized, defectively manufactured and/or designed, and otherwise unsafe for its ordinary and intended use. Instead of removing harmful contaminants from drinking water, the product introduced harmful bacteria or contaminants that caused serious illness.

55. Plaintiffs were foreseeable users and consumers of the subject product and used it in an intended and reasonably foreseeable manner. Plaintiffs did not misuse, alter, or modify the product.

56. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs suffered serious physical injuries, including acute urological infections, as well as pain, suffering, emotional distress, economic losses, and other damages.

11

57. Defendants' breach of the implied warranty of merchantability was a substantial factor in causing Plaintiffs' injuries and damages. Plaintiffs have suffered damages in an amount to be proven at trial and are entitled to recover such damages under California law.

## SIXTH CAUSE OF ACTION

### Breach of Implied Warranty of Fitness for a Particular Purpose

### (Against Defendant Victor Najera and DOES 1–25)

58. Plaintiffs Mahan Shadafza and Malihe Haddad Ghanbari reallege and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

59. At all relevant times, Defendants Amazon.com, LLC, Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump, and DOES 1 through 25 had reason to know the particular purpose for which the subject water filtration system was required—namely, the safe filtration of household drinking water for human consumption—and knew or had reason to know that consumers, including Plaintiffs, were relying on Defendants' skill and judgment to select, design, manufacture, and provide a product suitable for that purpose.

60. Plaintiffs purchased and used the subject product in reliance on Defendants' representations, marketing, and implied assurances that the water filtration system was suitable for its particular purpose. Plaintiffs reasonably relied on Defendants' skill and judgment in selecting and providing a filtration system intended to make drinking water safer for consumption.

61. At the time the product was sold and distributed to Plaintiffs, the water filtration system was not fit for the particular purpose for which it was required because it was contaminated, improperly sterilized, defectively manufactured and/or designed, and otherwise unsafe for filtering household drinking water for human consumption.

62. Plaintiffs used the subject product in a reasonably foreseeable manner and strictly in accordance with its intended purpose. Plaintiffs did not misuse, alter, or modify the product.

12

COMPLAINT

63. As a direct and proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiffs suffered serious physical injuries, including acute urological infections, as well as pain, suffering, emotional distress, economic losses, and other damages.

64. Defendants' breach of the implied warranty of fitness for a particular purpose was a substantial factor in causing Plaintiffs' injuries and damages. Plaintiffs have suffered damages in an amount to be proven at trial and are entitled to recover such damages under California law.

**SEVENTH CAUSE OF ACTION**

**Violation of the Song-Beverly Consumer Warranty Act – Civ. Code § 1790 et seq.)**

**Against All Defendants**

65. Plaintiffs Mahan Shadafza and Malihe Haddad Ghanbari reallege and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.At all relevant times, the subject water filtration system constituted a "consumer good" within the meaning of California Civil Code section 1791(a), and Defendants Amazon.com, LLC, Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump, and DOES 1 through 25 were manufacturers and/or retailers within the meaning of California Civil Code sections 1791(j) and 1791(l).

66. In connection with the sale and distribution of the subject product, Defendants impliedly warranted that the water filtration system was of merchantable quality, fit for the ordinary purposes for which such goods are used, and suitable for the safe filtration of household drinking water for human consumption, as required by California Civil Code sections 1791.1 and 1792.

67. The subject water filtration system breached the implied warranties imposed by the Song-Beverly Consumer Warranty Act because it was contaminated, improperly sterilized, defectively manufactured and/or designed, and otherwise unsafe for its intended and ordinary use at the time it was sold and delivered to Plaintiffs. Rather than rendering drinking water

13

safer, the product exposed Plaintiffs to harmful contaminants that caused serious physical injury.

68. Plaintiffs are buyers and foreseeable users of the subject consumer good and used the product in a reasonably foreseeable manner and strictly in accordance with its intended purpose. Plaintiffs did not misuse, alter, or modify the product.

69. As a direct and proximate result of Defendants' breaches of the implied warranties under the Song-Beverly Consumer Warranty Act, Plaintiffs suffered serious physical injuries, including acute urological infections, as well as pain, suffering, emotional distress, economic losses, and other damages.

70. Defendants' violations of the Song-Beverly Consumer Warranty Act were a substantial factor in causing Plaintiffs' injuries and damages. Pursuant to California Civil Code section 1794, Plaintiffs seek recovery of all damages permitted by law, including actual damages, incidental and consequential damages, attorneys' fees, costs, and such other relief as the Court deems proper.

### EIGHTH CAUSE OF ACTION

### Violation of the Consumers Legal Remedies Act – Civ. Code § 1750 et seq

### (Against All Defendants)

71. Plaintiffs Mahan Shadafza and Malihe Haddad Ghanbari reallege and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

72. At all relevant times, Defendants Amazon.com, LLC, Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump, and DOES 1 through 25 were engaged in transactions intended to result in the sale of goods to consumers, and the subject water filtration system constituted "goods" within the meaning of California Civil Code section 1761(a).

73. Defendants engaged in unfair and deceptive acts and practices in violation of the Consumers Legal Remedies Act, including but not limited to violations of California Civil Code section

14

1770(a), by representing that the subject water filtration system had characteristics, uses, benefits, and qualities that it did not have; representing that the product was of a particular standard, quality, or grade when it was not; representing that the product was safe and suitable for household drinking water consumption when it was not; and advertising and selling a defective consumer product.

74. Plaintiffs relied on Defendants' representations, omissions, and marketing in purchasing and using the subject water filtration system. Plaintiffs reasonably believed the product would safely filter drinking water for human consumption. Plaintiffs would not have purchased or used the product, or would have taken additional precautions, had Defendants disclosed the true condition and risks associated with the product.

75. As a direct and proximate result of Defendants' unlawful acts and practices, Plaintiffs suffered serious physical injuries, including acute urological infections, as well as pain, suffering, emotional distress, economic losses, and other damages.

76. Prior to filing this action, Plaintiffs provided Defendants with notice of the alleged violations and an opportunity to cure, as required by California Civil Code section 1782. Defendants failed to adequately respond or cure the violations.

77. Defendants' conduct was a substantial factor in causing Plaintiffs' injuries and damages. Pursuant to California Civil Code sections 1780 and 1782, Plaintiffs seek all relief available under the CLRA, including actual damages, injunctive relief, restitution, punitive damages where permitted, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## NINTH CAUSE OF ACTION

### Unfair Competition – Bus. & Prof. Code § 17200 et seq.

### (Against All Defendants)

78. Plaintiffs Mahan Shadafza and Malihe Haddad Ghanbari reallege and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

15

79. At all relevant times, Defendants Amazon.com, LLC, Guangzhou Lanshan Water Purification Equipment Co., Ltd., dba Lanshan Motor Booster Pump, and DOES 1 through 25 engaged in unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business and Professions Code section 17200.

80. Defendants' conduct was unlawful in that it violated multiple provisions of California law, including but not limited to California's strict products liability doctrine, negligence principles, the Song-Beverly Consumer Warranty Act (Civ. Code § 1790 et seq.), and the Consumers Legal Remedies Act (Civ. Code § 1750 et seq.), each of which is independently actionable and forms a predicate for liability under the Unfair Competition Law.

81. Defendants' conduct was unfair in that it offended established public policy and was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers, including Plaintiffs, by marketing, selling, and distributing a defective water filtration system that posed an unreasonable risk to consumer health and safety.

82. Defendants' conduct was fraudulent in that it was likely to deceive members of the public by representing that the subject water filtration system was safe and suitable for household drinking water consumption when, in fact, it was contaminated, defective, and unsafe for its intended purpose.

83. As a direct and proximate result of Defendants' unfair competition, Plaintiffs suffered injury in fact and lost money or property, including but not limited to out-of-pocket expenses and other economic losses, and were exposed to significant health risks and physical injury.

84. Pursuant to Business and Professions Code sections 17203 and 17204, Plaintiffs seek restitution of all monies wrongfully obtained by Defendants, disgorgement of ill-gotten gains, injunctive relief prohibiting Defendants from continuing the unlawful, unfair, and fraudulent practices alleged herein, and such other equitable relief as the Court deems just and proper.

16

**PRAYER**

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General and compensatory damages, pain and suffering, including prejudgment interest, according to proof;

2. Nominal damages;

3. Special damages according to proof, including, without limitation, lost salary, both front and back pay bonuses, and any other benefits to which Plaintiff would have been entitled to by reason of his employment with Defendants, according to proof;

4. For statutory penalties and other penalties as provided by law;

5. Equitable relief in the form of back pay;

6. Punitive and exemplary damages;

7. Attorney's fees and costs pursuant to California Govt. Code § 12965(b) and other applicable law;

8. An affirmative injunction mandating the elimination of discriminatory practices by Defendants in the future relating to employee registering complaints with Human Resources to have non-hostile work environments.

9. For restitution and disgorgement pursuant to Business and Professions Code section 17200;

10. For prejudgment and post-judgment interest as allowed by law; and

11. Such other and future relief as the court may deem just and proper.

DATED: January 26, 2026

/s/ Christopher K. Monelt

Christopher K. Monelt
Mia D. Mogavero
Attorneys for the Plaintiff

17

COMPLAINT